UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HUNTER PERKINS,

Plaintiff,

v. Case No.: 6:26-CV-2727

CARLOS ALVES-FERRER, individually, and
ELIAS SANCHEZ, individually,

Defendants.
_______________________________________/

## **COMPLAINT**

Plaintiff, HUNTER PERKINS, through undersigned counsel, sues Defendants CARLOS ALVES-FERRER ("Alves-Ferrer") and ELIAS SANCHEZ ("Sanchez"), each in his individual capacity, and alleges as follows:

## **NATURE OF ACTION; JURISDICTION AND VENUE**

1. This action concerns Plaintiff's warrantless and unlawful arrest for driving under the influence (DUI) following a motor-vehicle collision on January 28, 2025, and his ensuing arrest and detention. Plaintiff alleges that the arrest and detention were in violation of the Fourth Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983, and for false arrest and false imprisonment under Florida law as stated in the Counts below.

2. The federal claims arise under 42 U.S.C. § 1983 and the Fourth Amendment

to the United States Constitution, applicable to the States through the Fourteenth Amendment. Jurisdiction exists under 28 U.S.C. §§ 1331 and 1343(a)(3).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims, including the collision, investigation, detention, and arrest, occurred in Osceola County, Florida, within the Orlando Division of the Middle District of Florida.

4. All conditions precedent to the maintenance of this action, to the extent applicable, have been satisfied, performed, or waived.

5. This is a civil Complaint in which the damages exceed the amount of $75,000, exclusive of attorney’s fees and costs.

## PARTIES

6. At all times material hereto, Plaintiff was a citizen of the United States and a resident of Osceola County, Florida.

7. Defendant Carlos Alves-Ferrer was an FHP sergeant acting under color of state law in the course of a DUI investigation. He is sued in his individual capacity.

8. Defendant Elias Sanchez was an FHP captain and supervisor acting under color of state law. He is sued in his individual capacity. His alleged liability is based on his own affirmative direction of the arrest, not merely his supervisory title.

## FACTUAL ALLEGATIONS

9. On January 28, 2025, Plaintiff was driving a Dodge Ram involved in a

collision with an unmarked FHP vehicle near the Florida Turnpike in Osceola County. Plaintiff suffered visible injuries in the crash, including cuts and other trauma.

10. FHP investigated whether Plaintiff had driven while impaired.

11. At approximately 11:39 p.m. on January 28, 2025, Alves-Ferrer searched Plaintiff and placed him, unrestrained, in the rear of his patrol vehicle. Plaintiff repeatedly asked whether he was under arrest and why he was being detained.

12. Before administering the field sobriety exercises, Alves-Ferrer began preparing arrest-related documentation. Plaintiff questioned why the paperwork was being prepared before the DUI investigation was complete. Alves-Ferrer indicated that he was preparing it in case an arrest became necessary.

13. Alves-Ferrer was assigned to investigate the suspected DUI and conducted standardized field sobriety exercises after the crash. Plaintiff performed the exercises notwithstanding his injuries.

14. Between approximately 1:08 a.m. and 1:13 a.m. on January 29, 2025, Alves-Ferrer administered horizontal gaze nystagmus, walk-and-turn, and one-leg-stand exercises. He observed no horizontal gaze nystagmus and described Plaintiff's performance on the other exercises as satisfactory, including describing the walk-and-turn performance as "perfect."

15. The Osceola County Sheriff's Office administrative investigator's review of FHP mobile-video footage documented contemporaneous statements attributed to

Defendant Alves-Ferrer following Plaintiff's field sobriety exercises, including: “He passed everything,” “I'm not going to make this up. I mean he passed,” and “I don't see it. I don't see it.”

16. In his official report, Alves-Ferrer stated: “Based on my observations, training and experience, I determined Mr. Perkins was not under the influence of any alcoholic beverage or controlled substance.”

17. Despite these observations and his own assessment, Alves-Ferrer arrested Plaintiff for DUI at approximately 2:11 a.m. Plaintiff alleges that the facts known to Alves-Ferrer at that time did not establish probable cause or arguable probable cause to believe Plaintiff was impaired.

18. Alves-Ferrer reported to Sanchez that Plaintiff had passed the field sobriety exercises and that Alves-Ferrer did not believe he could lawfully take Plaintiff to jail. According to Alves-Ferrer’s subsequent OIG interview, Sanchez nevertheless directed him to arrest Plaintiff and indicated another officer could make the arrest if Alves-Ferrer would not. Plaintiff alleges Sanchez in fact affirmatively directed the arrest.

19. Sanchez did not personally administer the field sobriety exercises. His liability is predicated on the information actually communicated to him and his affirmative direction that Plaintiff be arrested, rather than vicarious liability for Alves-Ferrer’s conduct.

20. The OIG report records that Corporal Alejandro Bustos independently

described Sanchez directing Alves-Ferrer to place Plaintiff under arrest for DUI refusal. Bustos understood the instruction as an order. Alves-Ferrer also told Traffic Homicide Investigator Sutton that Plaintiff had passed the exercises and that Sanchez wanted Plaintiff arrested.

21. At approximately 1:23 a.m., Alves-Ferrer discussed the field sobriety results with Sutton and expressed his view that Plaintiff was not impaired. The arrest did not occur until approximately 2:11 a.m.

22. Plaintiff was handcuffed and placed in an FHP patrol vehicle. He was transported under FHP custody to a hospital for medical evaluation and was handcuffed to a hospital bed under guard. He was subsequently transported for breath testing and then to the Osceola County Jail.

23. The Plaintiff agreed to submit to a breath test, but it was not given until hours later. Plaintiff provided breath samples of 0.008 and 0.000, respectively, hours after the arrest.

24. Plaintiff was searched, processed as an inmate, and confined. As a local law-enforcement officer, he feared recognition by other inmates and experienced humiliation, anxiety, and fear during confinement.

25. On January 29, 2025, the State Attorney's Office filed a nolle prosequi as to the DUI charge.

26. After the arrest, FHP Lieutenant Eduardo Rivera reviewed the arrest documentation and raised concerns that it did not establish probable cause.

According to the OIG report, Rivera communicated those concerns to Sanchez and Alves-Ferrer.

27. In its March 5, 2025 administrative review, AR 2025-0001, the Osceola County Sheriff's Office examined FHP mobile-video recordings, OCSO body-camera recordings, reports, and witness accounts. The investigator concluded that FHP did not meet the probable-cause standard for Plaintiff's DUI arrest and found no violation of OCSO policies or procedures by Plaintiff.

28. FLHSMV's Office of Inspector General issued Investigation No. 20250075, dated May 14, 2025, sustaining three administrative allegations: that Alves-Ferrer conducted an improper DUI investigation, that he arrested Plaintiff for DUI without probable cause, and that Sanchez instructed a subordinate to make an unlawful DUI arrest.

29. As a consequence of the arrest, Plaintiff was relieved of sworn law-enforcement duties, required to surrender his badge and firearm and removed from the SWAT team.

30. The arrest received television, radio, online, and social-media coverage. Plaintiff suffered personal and professional humiliation, reputational harm, anxiety, and disruption of relationships and employment opportunities.

31. Plaintiff alleges ongoing psychological injuries.

32. Alves-Ferrer allegedly carried out the arrest despite his own assessment and contemporaneous statements that Plaintiff had passed the exercises and was not

impaired. Sanchez allegedly directed the arrest after receiving material information about the exercises. The officers' personal conduct, their respective knowledge at the time, and the surrounding circumstances support Plaintiff's allegations.

**COUNT I — 42 U.S.C. § 1983: FOURTH AMENDMENT FALSE ARREST (ALVES-FERRER)**

33. Plaintiff incorporates paragraphs 1 through 32 as though fully set forth herein.

34. Acting under color of state law, Defendant Alves-Ferrer personally effectuated Plaintiff's warrantless arrest and caused Plaintiff to be taken into custody against his will.

35. At the time of the arrest, considering the totality of the facts and circumstances known to Alves-Ferrer, including the results of the completed field sobriety exercises, there was no probable cause or arguable probable cause to believe Plaintiff had committed DUI or any other offense providing an objectively reasonable basis for the custodial arrest.

36. Defendant Alves-Ferrer's arrest of Plaintiff without probable cause constituted an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution. His contemporaneous observations, findings, and statements concerning Plaintiff's lack of impairment further support the allegation that the arrest was objectively unreasonable.

37. As a direct and proximate result of Defendant Alves-Ferrer's conduct, Plaintiff suffered an unlawful deprivation of liberty and the injuries and damages

alleged herein. Defendant's alleged intentional or reckless disregard of Plaintiff's federally protected rights further supports an award of punitive damages upon proof of the applicable legal standard.

## COUNT II — 42 U.S.C. § 1983: FOURTH AMENDMENT FALSE ARREST (SANCHEZ)

38. Plaintiff incorporates paragraphs 1 through 32, as though fully set forth herein.

39. Acting under color of state law, Defendant Sanchez personally and affirmatively caused Plaintiff's arrest by directing Defendant Alves-Ferrer to take Plaintiff into custody. Defendant Sanchez's liability is based on his own affirmative participation in causing the arrest and not upon respondeat superior or his supervisory position alone.

40. Before directing the arrest, Defendant Sanchez had been informed that Plaintiff had completed and passed the field sobriety exercises and that Alves-Ferrer did not believe the investigation established a lawful basis for arrest. Considering the totality of the facts and circumstances actually known or communicated to Sanchez, there was no probable cause or arguable probable cause for Plaintiff's custodial arrest for DUI or any other objectively supported offense.

41. Defendant Sanchez's affirmative direction caused Plaintiff to be arrested and deprived of his liberty in violation of the Fourth Amendment. As a direct and proximate result, Plaintiff suffered the injuries and damages alleged herein. Defendant's alleged intentional or reckless disregard of Plaintiff's federally

protected rights further supports an award of punitive damages upon proof of the applicable legal standard.

**COUNT III — FLORIDA FALSE ARREST / FALSE IMPRISONMENT (ALVES-FERRER, INDIVIDUALLY)**

42. Plaintiff incorporates paragraphs 1 through 32, as though fully set forth herein.

43. Defendant Alves-Ferrer intentionally restrained and confined Plaintiff against his will by arresting him and causing his continued custody. The restraint was unlawful and without legal authority because the warrantless arrest was not supported by probable cause.

44. Defendant Alves-Ferrer carried out the arrest despite his contemporaneous findings and statements that Plaintiff had passed the field sobriety exercises and was not impaired, and despite his expressed belief that the investigation did not establish a lawful basis to arrest Plaintiff. Plaintiff alleges that Alves-Ferrer knowingly or consciously disregarded Plaintiff's rights and acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights within the meaning of Florida Statutes § 768.28(9)(a), rather than through mere negligence or a reasonable mistake.

45. As a direct and proximate result of Defendant Alves-Ferrer's unlawful restraint and confinement, Plaintiff suffered the injuries and damages alleged herein and seeks recovery against Alves-Ferrer individually to the extent permitted by Florida law.

## COUNT IV — FLORIDA FALSE ARREST / FALSE IMPRISONMENT (SANCHEZ, INDIVIDUALLY)

46. Plaintiff incorporates paragraphs 1 through 32, as though fully set forth herein.

47. Defendant Sanchez intentionally caused Plaintiff to be restrained and confined against his will by affirmatively directing Defendant Alves-Ferrer to arrest Plaintiff without lawful authority or probable cause.

48. Before directing the arrest, Defendant Sanchez had been informed of the favorable field sobriety results and Alves-Ferrer's assessment that the investigation did not establish a lawful basis for arrest. Notwithstanding that information, Sanchez affirmatively directed that Plaintiff be arrested. Plaintiff alleges that Sanchez knowingly or consciously disregarded Plaintiff's rights and acted in bad faith, with malicious purpose, or with wanton and willful disregard of human rights within the meaning of Florida Statutes § 768.28(9)(a), rather than through mere negligence or a reasonable mistake.

49. As a direct and proximate result of Defendant Sanchez's conduct, Plaintiff suffered the injuries and damages alleged herein and seeks recovery against Sanchez individually to the extent permitted by Florida law.

## DAMAGES AND PRAYER FOR RELIEF

50. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages, including unlawful deprivation of liberty; emotional distress, mental anguish, humiliation, anxiety, psychological

injuries, and loss of enjoyment of life; past and future medical and psychological treatment expenses; professional and reputational injuries; and economic losses, including lost earnings, employment benefits, employment opportunities, and impairment of future earning capacity, to the extent established by the evidence.

51. Plaintiff seeks compensatory damages against Defendants individually for the injuries caused by their respective unlawful conduct, nominal damages under 42 U.S.C. § 1983 where appropriate, and punitive damages against each Defendant individually under § 1983 upon proof of the applicable federal standard. Plaintiff does not seek duplicative compensation for the same injury.

52. Plaintiff further seeks reasonable attorney's fees pursuant to 42 U.S.C. § 1988 in connection with the federal claims, taxable costs, interest to the extent permitted by law, and all other appropriate relief.

**WHEREFORE**, Plaintiff demands judgment against Defendants individually for compensatory damages, including economic and non-economic damages, nominal damages under § 1983 where appropriate, punitive damages under § 1983 where legally recoverable, reasonable attorney's fees pursuant to 42 U.S.C. § 1988, taxable costs, allowable interest, and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 20th day of November 2026.

TRAVIS M. WILLIAMS, ESQ.
Florida Bar No.: 0393370
*The Law Office of Travis Williams, P.A.*
1115 E. Livingston Street
Orlando, Florida 32803
(407) 425-4755
(407) 425-3931 facsimile
Counsel for Plaintiff
tw@floridadefenselaw.com
jm@floridadefenselaw.com